FRY & Co. ET AL V. KRUSE AND WIFE.

1. CHANCERY PRACTICE: *Joinder of several creditors against fraudulent conveyance.*

Separate judgment creditors may join as plaintiffs in the same bill to set aside a fraudulent conveyance of their common debtor.

APPEAL from *Chicot* Circuit Court in Chancery. Hon. J. M. BRADLEY Circuit Judge.

*Mark Valentine* for appellants.

The bill shows equity and was properly brought, and the proceedure is that recommended by this court. 31 *Ark.*, 546; *Bump. on Fraud. Conveyances p.* 551.

There was no misjoinder of plaintiffs. All were interested in the subject matter, *i. e.*, the object of the suit. *Gantt's Dig., Sec.* 4475; *Story Eq. Pl., Sec.* 72; *Culvert on Parties, Ch.* 1, *Sec.* 1, *p.* 3–11; 6 *John. Ch'y,* 139; *Bump. Fr. Conv., p.* 547.

*C. H. Carlton* for appellees.

Plaintiffs had no common interest. Both judgments were rendered after the conveyance was made, and the rec-

Fry & Co. et al v. Kruse and Wife.

ord fails to show whether the debts were created before or after the conveyance, or that Kruse did not have other property sufficient to pay his debts. A mere allegation that a conveyance is fraudulent or made with a view to defraud creditors, without showing in what the fraud consists, is not sufficient.

SMITH, J. This was a bill of two several judgment creditors of Kruse to set aside an alleged fraudulent conveyance by him to his wife and to subject the property to the satisfaction of their debts. The plaintiffs allege that they had respectively recovered judgments against Kruse by the consideration of the Chicot Circuit Court, the one in July, 1876, and the other in January, 1880; that the judgments remain wholly unpaid, notwithstanding the issue of executions which had been returned *nulla bona*. That in January 1876, before the rendition of either of said judgments, but after Kruse had become indebted to them, he had conveyed a lot of land in Chicot County, of which a particular description is given, to his wife and co-defendant; that the purpose of this conveyance was to hinder, delay and defraud his creditors; that Kruse having no other property liable to be taken in execution, they had caused *alias* executions to be issued and levied upon the land so fraudulently conveyed away. And they now ask the aid of Chancery to declare Mrs. Kruse's title to be fraudulent as against them and to remove the obstruction fraudulently interposed against the execution at law. Certified copies of the judgments, of the executions with their returns, and of the deed complained of are exhibited.

This bill was dismissed upon demurrer. The only special cause assigned was a misjoinder of parties plaintiff— that the creditors, having separate and unconnected debts, had no common interest. This objection was not

CHANCERY PRACTICE: Misjoinder of Parties &c

tenable. " Several creditors may join in filing a bill, for they have similar rights with respect to the property of of their debtor. It is, therefore, proper for them to unite in the same suit for effecting the same end. Such a bill is not multifarious, for it relates to one subject matter." *Bump on Fraudulent Conveyances 3d Ed.*, 547.

We perceive no lack of any of the essential allegations of a creditors' bill. The plaintiffs show unsatisfied judgments upon causes of action that accrued prior to the conveyance, the issue of the process and inability to get satisfaction out of the unincumbered estate of the debtor; and that the debtor being possessed of property out of which their demands might have been satisfied in whole or in part, conveyed the same for the purpose of defrauding his creditors. *Meux v. Anthony*, 11 *Ark.*, 411; *Clark v. Anthony*, 31 *Id.*, 546.

In seeking the interposition of the court to settle the question of title before a sale under execution, the plaintiffs have pursued the practice recommended in *Sale v. McLean*, 29 *Ark.*, 612.

The decree below is reversed and remanded with directions to overrule the demurrer to the bill and to require the defendants to answer.